**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CARLOS PEREDA-MASSON, on behalf of himself and all others similarly situated,  Plaintiff, vs. MIDLAND FUNDING LLC, Defendant. | Civil Action No. **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff CARLOS PEREDA-MASSON (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant MIDLAND FUNDING LLC (hereinafter "Defendant or "MIDLAND"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Essex County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant MIDLAND FUNDING LLC ("MIDLAND" or "Defendant") is a California Limited Liability Company with its principle place of business located at 8875 Aero Drive, Suite 200, San Diego, California

92123.

9.      Defendant is a company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.  Defendant operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey via collection letters, phone calls, credit reports and lawsuits.  In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

10.     Defendant is a bad debt buyer that buys/obtains large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon. Defendant's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

11.     Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

13. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey individuals who Defendant attempted to collect a debt from, but such individuals did not owe the debt which Defendant sought to collect.

The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters, court filings and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA.
    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who

could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

16. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

17. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

18. Sometime prior to November 28, 2016, a debt was allegedly incurred by Carlos Pereda with respect to a financial obligation owed to Citibank, N.A. ("Citibank") related to a Staples store-branded credit card Account ("the Debt").

19. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

6

21.     Citibank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

22.     Sometime prior to November 28, 2016, Citibank either directly or through intermediate transactions sold, assigned, placed and/or transferred the Debt to Defendant, who became the sole owner of the Debt.

23.     At the time the Debt was sold, assigned, placed and/or transferred to Defendant, the Debt was in default.

24.     On or about November 28, 2016, Defendant filed a lawsuit against Plaintiff entitled Midland Funding LLC v. Pereda, Dkt. No. ESX-DC-016154-16 ("the State Court Action") in the Superior Court of New Jersey in an attempt to collect the Debt in the amount of $5802.97.

25.     Attached to the complaint in the State Court Action was what appeared to be the final billing statement with a date of for May 8, 2014 and included a mailing address for the cardholder of 3700 Bergenline Avenue, Suite 3, Union City, New Jersey.

26.     However, Plaintiff never lived, resided or worked the address of 3700 Bergenline Avenue, Suite 3, Union City, New Jersey.

27.     At the time that the monthly credit card statement was purportedly mailed, Plaintiff was residing in Nutley and not in Union City.

28.     Plaintiff was served with a copy of the Complaint at his home in Nutley, New Jersey.

29.     Shortly, after being served with a copy of the Complaint, Plaintiff contacted Defendant and informed it that it had served the wrong individual and this was not his debt.

30.     Also, prior to being served with the Complaint in the State Court action,

Plaintiff had previously informed Defendant at least twice after receiving collection letters from it that the Debt was not his.

31. Shortly after service of the lawsuit upon him, on December 6, 2016 Plaintiff filed an Identity/Theft Report with the Nutley Police Department.

32. Also on December 7, 2016, Plaintiff filed an Identity Theft Report with the Federal Trade Commission regarding the Staples Store Branded Citibank, N.A. account.

33. At Defendant's request, on December 7, 2016 Plaintiff sent a copy of the Federal Trade Commission Identity Theft Report to Defendant.

34. From December 2016 until November 2020, Plaintiff had no further communications with Defendant and believed that the matter was closed.

35. On November 5, 2020, Defendant filed a Motion to Enter Judgment Out-of-Time in the State Court Action.

36. Plaintiff hired counsel to represent him the State Court Action after the Motion to Enter Default Judgment Out of Time was served upon him.

37. Plaintiff filed opposition to the Motion to Enter Judgment Out-of-Time, and filed a cross-motion to vacate the default previously entered in the State Court action.

38. Shortly, thereafter Defendant dismissed the State Court Action.

39. Plaintiff incurred attorney's fees and costs in defending the State Court Action.

40. Plaintiff suffered emotional distress as the result of being subject to a debt collection lawsuit for a debt which he did not owe and was not his debt.

41. Plaintiff suffered injury in fact by being subjected to the unfair and

abusive practices of Defendant.

42. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

43. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

44. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

45. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

46. Defendant's collection activity was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

47. Defendant's collection activity provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding his rights under the FDCPA.

48. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

49. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff

9

of his or her right to enjoy these benefits.

50. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

51. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

52. It is Defendant's policy and practice to attempt to collect debts from consumers who did not owe the debts, which violates the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt, and,

   (b) Using unfair or unconscionable means to collect or attempt to collect any debt and/or,

53. On information and belief, Defendant attempted to collect debts from people who did not owe the debts from at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

54. Plaintiff repeats the allegations contained in paragraphs 1 through 53 as if the same were set forth at length.

55. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

56. Specifically, Defendant violated:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. §1692e(5), the threating to take any action that cannot legally be taken or that is not intended to be taken;

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         October 20, 2021

            Respectfully submitted,

            By: s/ Lawrence C. Hersh
              Lawrence C. Hersh, Esq.
              17 Sylvan Street, Suite 102B
              Rutherford, NJ  07070
              (201) 507-6300
              *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 20, 2021      By: s/ Lawrence C. Hersh
                  Lawrence C. Hersh, Esq